UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                              Chapter 13
Tamara L. Noll,                                    Case No. 10-25685-svk
      Debtor.

**DECISION AND ORDER ALLOWING CLAIM NUMBER 21**

      The Chapter 13 Trustee objected to the proof of claim filed by Steven Roeske (the "Claimant") because it was late. Although the Claimant missed the first claims bar date, the Clerk issued notice of a second bar date, and the Claimant complied with that notice. Under these unusual circumstances, the Claim should be allowed.

      The facts are not disputed. Tamara Noll (the "Debtor") filed a Chapter 13 petition commencing this case on April 13, 2010. The Claimant was listed as a creditor, and Court records show that he was notified that the last day for non-governmental creditors to file claims was August 10, 2010. The Claimant did not file a proof of claim. The Court confirmed the Debtor's plan, and distributions to creditors commenced.

      On October 23, 2012, the case was converted to Chapter 7 at the Debtor's request. On October 24, 2012, the Clerk notified all creditors, including the Claimant, of the conversion. The Clerk's notice gave information about the meeting of creditors and deadlines in the Chapter 7 case and stated in bold print: "Please do not file a proof of claim unless you receive a notice to do so." Less than a month later, on November 13, 2012, the Debtor filed a motion to convert the Chapter 7 case back to Chapter 13, stating that she was not eligible for a Chapter 7 discharge. The Debtor sent notice of her motion to reconvert to all the creditors, including the Claimant, and no objections were filed. On December 28, 2012, the Court converted the case to Chapter 13.

On December 28, 2012, the Clerk issued a notice of Chapter 13 bankruptcy, containing information about the meeting of creditors, hearing on confirmation and deadlines. This notice set a deadline for creditors to file claims of May 7, 2013. The Bankruptcy Noticing Center sent a copy of the notice to all creditors, including the Claimant. On January 28, 2013, the Claimant filed proof of claim number 21 in the amount of $5,781.54 (the "Claim"). The Chapter 13 trustee objected, contending that the Claim should have been filed by the original bar date of August 10, 2010.

In *In re Washington*, 483 B.R. 871 (Bankr. E.D. Wis. 2012), after surveying the decisions on late-filed claims in Chapter 13 cases, this Court determined that a late-filed claim could be allowed in a Chapter 13 case if three elements were satisfied: (1) the creditor did not receive notice of the Chapter 13 case until after the claims bar date expired; (2) upon learning of the case, the creditor promptly filed a proof of claim; and (3) the prejudice to the creditor created by disallowing the claim outweighs the prejudice to the other creditors caused by allowing the claim. *Washington* recognizes the general rule that if a creditor has notice of the claims bar date in time to file a claim, Bankruptcy Code § 502(e) and Bankruptcy Rule 3002(c) require disallowance of a late-filed claim.[1]

Here, although it is indisputable that the Claimant had notice of the first bar date, he subsequently received two notices from the Clerk that arguably superseded the original bar date notice. The Chapter 7 notice instructed the Claimant not to file a proof of claim, and the second Chapter 13 notice indicated that he should file a claim by May 7, 2013. He filed the Claim

---

[1] Rule 3002(c) provides exceptions for infants, incompetent people, creditors who return avoidable transfers and creditors with post-petition claims from the rejection of executory contracts. None of the exceptions applies here.

2

Case 10-25685-svk    Doc 90    Filed 05/15/13    Page 2 of 6

timely under the second Chapter 13 bar date notice.  On the reconversion of the Debtor's case to Chapter 13, the Clerk probably should not have scheduled another bar date, as Bankruptcy Rule 3002(c) states that claims must be filed within 90 days after the *first* date set for the meeting of creditors.  Fed. R. Bankr. P. 3002(c) (emphasis supplied).  The Trustee argues that the Claimant should be bound by the first bar date despite the Clerk's error.  The Claimant's argument is that he reasonably relied on the Clerk's notice of the second bar date, and the Claim should be allowed.

Prior to BAPCPA, the leading Chapter 13 Treatise opined that:  "After a debtor has once converted from Chapter 13 to Chapter 7, the Code seems to prohibit reconversion to Chapter 13. Keith M. Lundin and William H. Brown, CHAPTER 13 BANKRUPTCY, 4th Edition § 328.1 (2004). With BAPCPA's enactment of the means test to prevent abusive Chapter 7 cases, reconversion is appropriate upon a finding of abuse under § 707(b)(1).  *See Advanced Control Solutions, Inc. v. Justice*, 639 F.3d 838 (8th Cir. 2011).  Whether reconversion is appropriate under other circumstances is unsettled.  *See, e.g., In re Buccolo*, 397 B.R. 527 (Bankr. D.N.J. 2008), *aff'd*, 2009 U.S. Dist. LEXIS 61029 (D.N.J. July 13, 2009) (reconversion only appropriate under § 706(d)); *Povah v. Hansbury & Finn, Inc. (In re Povah)*, 455 B.R. 328 (Bankr. D. Mass. 2011) (court has discretion to permit reconversion, but debtor's circumstances must be closely scrutinized); *In re Muth*, 378 B.R. 302 (Bankr. D. Colo. 2007) (§ 706(a) prohibits reconversion); *In re Green*, 169 B.R. 480 (Bankr. S.D. Ga. 1994) (multiple conversions are evidence of bad faith).  None of these cases addressed the situation where a new claims bar date is set after reconversion.  Judges Lundin and Brown raise some of the issues involved with post-petition claims and cheerfully conclude:  "The good news is that reconversion to Chapter 13 is rare enough that most of us can complete our careers without being forced to figure out the meaning

3

of timeliness for the filing of proofs of claim after reconversion."[2]  Lundin and Brown, *supra*, at § 328.1.

While reported decisions on erroneous claims bar date notices are indeed rare, courts have more frequently encountered erroneous discharge complaint deadline notices.  The legal and policy concepts behind these deadlines are similar.  Like the claims bar date in Chapter 13 cases, the deadline for filing discharge and dischargeability objections is strictly enforced.  In *United Cmty. Bank v. Harper (In re Harper)*, 489 B.R. 251 (Bankr. N.D. Ga. 2013), the creditor failed to navigate the court's electronic filing system with the result that the dischargeability complaint was filed three minutes late.  Pleading equity, the creditor sought allowance of its tardy complaint.  After surveying the law on equitable exceptions to strict enforcement of the deadline, the *Harper* court denied the creditor's request.  However, the court recognized one of the grounds to apply equitable doctrines to permit late filings is "affirmative clerk error."  *Id*.  Among the examples cited was *In re Hershkovitz*, 101 B.R. 816 (Bankr. N.D. Ga. 1989) in which the Clerk erroneously issued a second discharge deadline notice after the first interim trustee resigned due to a conflict of interest.  The court explained:  "It is clear that the Clerk's issuance of the second Order and Notice containing a new bar date was erroneous in that it violated Bankruptcy Rule 4007(c). Pursuant to that Rule, the last day to file complaint under § 523(c) is "60 days following the *first* date set for the meeting of creditors." (emphasis added)." *Id* at 817. In *Hershkovitz*, the court held that the debtor, not the creditor, should bear the consequences of the Clerk's mistake.  *Id*. at 818.

---

[2] The bad news is that BAPCPA apparently fosters reconversion if the debtor in a case converted from Chapter 13 to Chapter 7 needs bankruptcy relief and cannot survive a § 707(b) motion to dismiss for abuse.

Most courts agree, and in *In re Moss*, 289 F.3d 540, 542 (8th Cir. 2002), the Eighth Circuit aptly summarized:

> We conclude the bankruptcy court had authority under section 105(a) to accept the untimely complaint, because it was untimely due to the court's own error. *See In re Isaacman*, 26 F.3d 629, 631-32 (6th Cir. 1994) (bankruptcy court should exercise equitable powers under § 105(a) to accept untimely complaint when creditor files untimely complaint in reliance on incorrect notice of deadline); *In re Themy*, 6 F.3d 688, 690 (10th Cir. 1993) (courts almost uniformly allow out-of-time filing when creditor relies on incorrect notice of deadline; court bears responsibility for correcting its error when it affirmatively misleads creditor as to deadline); *In re Anwiler*, 958 F.2d 925, 926, 929 (9th Cir. 1992) (where creditors filed untimely complaint in reliance on incorrect notice of deadline, bankruptcy court would have abused its discretion if it had dismissed complaint as untimely).

In this case, the Clerk's error caused the second claims deadline to be set, and the Claimant relied on the Clerk's notice in filing his Claim. When the Clerk issued the notice with the second bar date, the Trustee or Debtor could have taken some action to have the notice corrected, but they did not do so. The Debtor, not the Claimant, should bear the consequences of the error in this case.

In summary, when the Clerk affirmatively notifies creditors of a bar date, creditors should be entitled to rely on that notice. If the Debtor or Trustee perceives a problem with the deadline set by the Clerk, the time to speak up is when the date is set, not months later after a creditor has acted in reliance on the Clerk's notice. The issue of whether reconversion should have been permitted at all in this case is not before the Court, but the cases reveal some thorny issues that may ensue, such as the length and feasibility of the plan in the reconverted case. However, if reconversion is approved, and the Clerk issues a new claims bar date notice, creditors acting in reliance on the notice should not be penalized.

IT IS THEREFORE ORDERED: The Trustee's Objection to Claim number 21 is overruled, and the Claim is allowed as filed.

Dated: May 15, 2013

By the Court:

Susan V. Kelley
U.S. Bankruptcy Judge